UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON EUGENE HUNTER,<br><br>  Plaintiff,<br><br>  v.<br><br>BUNGAY, et al.,<br><br>  Defendants. | No. 2:22-cv-2048 CKD P<br><br><br>ORDER |

Plaintiff is a Sacramento County Jail detainee proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Plaintiff's amended complaint is before the court for screening.

Plaintiff alleges that he was attacked by two other inmates after they were allowed to enter his cell by defendants Bungay, Miranda, and McGuire. Plaintiff is protected from conduct that amounts to punishment without due process. U.S. v. Salerno, 481 U.S. 739, 747-47 (1987). In order for conduct to amount to punishment, it must be the result of at least deliberate indifference to a substantial risk of harm. Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1068 (9th Cir.

1

2016).  Here plaintiff does not allege Bungay, Miranda, or McGuire had any reason to believe plaintiff would be attacked when they allowed the inmates to enter his cell.  Therefore, he has not adequately alleged at least deliberate indifference.

Plaintiff also claims that he was wrongly placed in what he calls maximum security because of a false disciplinary report, in violation of the Due Process Clause.  Plaintiff does not indicate what process he was denied, nor does he point to anything specific indicating that he was punished in violation of the of the Due Process Clause.  A simple assertion that he was placed in "maximum security" does not amount to an adequate allegation that plaintiff suffered punishment.

Plaintiff identifies the County of Sacramento as a defendant.  Municipalities cannot be held vicariously liable under § 1983 for the actions of their employees.  Monell v. Dep't of Social Services, 436 U.S. 585 at 691, 694 (1978).  "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694.  Plaintiff fails to point to anything suggesting he suffered a violation of a federal right due to a Sacramento County policy or custom.

For all of these reasons, plaintiff's amended complaint does not state a claim upon which relief can be granted.  The complaint will be dismissed, and plaintiff will be given one final opportunity to state a claim upon which he can proceed in a second amended complaint.  Plaintiff is reminded that the court cannot refer to a prior pleading in order to make a subsequent pleading complete.  Local Rule 220 requires that any amended complaint be complete in itself without reference to any prior pleading.

Finally, plaintiff filed a motion asking that this matter be stayed 180 days so that he could mourn the loss of his mother.  While the court is sympathetic to plaintiff's loss, it is not an appropriate basis on which to stay this action.  At this point, plaintiff need only file a second amended compliant within thirty days if he wishes to do so.  Further, if plaintiff presents good cause for extending the deadline beyond thirty days, the court will extend the deadline.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. Plaintiff's motion that this action be stayed (ECF No. 11) is denied.

Dated: September 11, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

hunt2048.14(2)

3