UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANDON EUGENE HUNTER,

Plaintiff,

v.

BUNGAY, et al.,

Defendants.

No.  2:22-cv-02048-DAD-CKD (PC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THIS ACTION

(Doc. Nos. 13, 14)

Plaintiff Brandon Eugene Hunter is a Sacramento County Jail inmate proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 23, 2024, the assigned magistrate judge issued findings and recommendations recommending that this case be dismissed without prejudice due to plaintiff's failure to prosecute this action and abide by court orders.  (Doc. No. 13.)  Specifically, on September 11, 2024, the magistrate judge had dismissed plaintiff's first amended complaint, denied his request for a 180–day stay of this action, granted him leave to file a second amended complaint, and warned plaintiff that his failure to file a second amended complaint within the time provided would result in recommendation that this action be dismissed.  (Doc. No. 12.)  When plaintiff failed to file a

/////

1

second amended complaint within the time provided, the pending recommendation of dismissal without prejudice was issued as promised. (Doc. No. 13.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 1.) To date, no objections to the findings and recommendations have been filed, and the time in which to do so has long since passed. However, on April 14, 2025, plaintiff did file with the court a document styled as a "motion for reconsider for rare and unusual circumstances to allow amended complaint to be filed." (Doc. No. 14.) In that handwritten filing plaintiff requests that the court vacate all orders issued in this action since July 1, 2024, on the purported grounds that his litigation efforts had been hampered by his mental health declining following a shoulder surgery on January 31, 2024, and due to alleged mistreatment he has been subjected to in the Sacramento County Jail because of various lawsuits he has brought, as well as his personal family circumstances. (*Id.*) The undersigned is unpersuaded by plaintiff's arguments in this regard. First, plaintiff was clearly capable of litigating this case after January 31, 2024, as evidenced by his filing of his first amended complaint on March 25, 2024 (Doc. No. 10) and his filing of a motion for a 180–day stay of this action on May 28, 2024 (Doc. No. 11). Moreover, his motion for a stay, which was based on some of the same purported circumstances he relies upon in his pending motion for reconsideration, was rejected by the magistrate judge (Doc. No. 12) and plaintiff did not timely seek reconsideration of that order.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file the court concludes that the findings and recommendations are supported by the record and by proper analysis.

/////

/////

/////

/////

/////

/////

2

Accordingly:

1.   The findings and recommendations issued on October 23, 2024 (Doc. No. 13) are adopted in full;

2.   This action is dismissed without prejudice due to plaintiff's failure to prosecute and abide by court orders;

3.   Plaintiff's motion for reconsideration and for leave to amend (Doc. No. 14) is denied; and

4.   The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **February 16, 2026**                          _Dale A. Drozd_
                                                        DALE A. DROZD
                                                        UNITED STATES DISTRICT JUDGE

3